585 S.E.2d 47

**STATE of West Virginia ex rel. Robert S. DRAKE, Petitioner,**

v.

**Honorable George W. HILL, Jr., Judge of the Circuit Court of Wood County, Respondent.**

No. 31112.

Supreme Court of Appeals of West Virginia.

Submitted March 26, 2003.

Decided June 17, 2003.

48

Charles R. Webb, Esq., Giatras & Webb, Charleston, for Robert S. Drake.

David M. Finnerin, Esq., Parkersburg, for Khadija Drake.

PER CURIAM.

This case is before this Court upon a petition for a writ of prohibition filed by the petitioner, Robert S. Drake, against the respondent, the Honorable George W. Hill, Judge of the Circuit Court of Wood County. The petitioner seeks to prohibit the respondent from denying his motion for an exten-

sion of time to file a petition for appeal of three family court orders concerning the distribution of marital property in the petitioner's underlying divorce action. The petitioner argues that he was entitled to an extension of time to file his petition for appeal because his attorney is a member of the West Virginia Legislature and was engaged in legislative interim meetings during the appeal period. This Court has before it the petition for writ of prohibition, and the response thereto. For the reasons set forth below, the writ is hereby granted.

## I.

### FACTS

The petitioner is a party in a divorce action currently pending in Wood County, West Virginia, which was filed by his wife, Khadija Drake. On November 22, 2002, the family court judge entered three orders concerning the distribution of the parties' marital property. The orders were mailed to counsel for the parties on November 26, 2002, by the circuit clerk. According to the petitioner's attorney, he did not receive the orders until December 2, 2002, because of the Thanksgiving holiday.

The attorney for the petitioner is a member of the West Virginia Legislature, and he was engaged in legislative interim meetings from December 15, 2002 through December 17, 2002. On December 20, 2002, the petitioner's attorney prepared and faxed a motion to the respondent requesting an extension of time to file the petition for appeal of the family court orders. The petitioner's attorney was informed that the respondent was on vacation and would not return until January 2, 2003. The petitioner's attorney then sought a ruling on his motion from another judge of the Circuit Court of Wood County. However, that judge indicated that he did not believe it would be appropriate for him to grant an extension in a case assigned to the respondent.

On December 26, 2002, the petitioner's attorney filed a petition for appeal of the family court orders on behalf of the petitioner with the circuit clerk. The petition for appeal was filed three days after the thirty-day appeal period expired.[1] On January 17, 2002, the respondent conducted a hearing on the matter and ruled that the petitioner's appeal was untimely. Thereafter, the petitioner filed his petition for a writ of prohibition with this Court.

## II.

### STANDARD FOR GRANTING A WRIT OF PROHIBITION

This Court has held that "[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for [a petition for appeal] or certiorari." Syllabus Point 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953).

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear

---

1. The family court orders were entered on November 22, 2002. Pursuant to Rule 28(a) of the Rules of Practice and Procedure for Family Court, the petitioner had thirty days to file an appeal. Since December 22, 2002 was a Sunday, the petitioner's appeal period expired on December 23, 2002.

that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). With these standards in mind, we now address the issue in this case.

## III.

## DISCUSSION

■ The petitioner argues that the respondent should have granted him an additional four days beyond the thirty-day appeal period set forth in Rule 28(a) of the Rules of Practice and Procedure for Family Courts to file his appeal of the family court orders. Relying upon W.Va.Code § 4-1-17 (1997), the petitioner reasons that he was entitled to an extension of time to file his petition for appeal because his attorney was attending legislative interim meetings during a portion of the appeal period. W.Va.Code § 4-1-17(a) provides that,

> During legislative sessions or meetings and for reasonable time periods before and after, the judicial and executive branches should refrain from requiring the personal presence and attention of a legislator or designated employee who is engaged in conducting the business of the Legislature.

W.Va.Code § 4-1-17(b)(1) defines the "applicable time period" to include:

> (D) The four-day time period before any interim meetings of any committee of the Legislature or before any party caucus;
>
> (E) The time period during any interim meetings of the Legislature or any party caucus; or
>
> (F) The four-day time period following the conclusion of any interim meetings of any committee of the Legislature or party caucus.

Although the ruling at issue has not been memorialized in written form, the petitioner says that the respondent found that W.Va. Code § 4-1-17 only excuses a member of the legislature from actual court appearances while he or she is engaged in legislative sessions or meetings and thus, has no application in this instance. We disagree. Having carefully reviewed W.Va.Code § 4-1-17

in its entirety, we believe that the respondent misinterpreted the statute.

This Court has said that "[w]hen determining the meaning of a statute, it is necessary first to determine what the Legislature intended when it drafted the provision in question.... The legislative intent of a statute may be self-evident from the terms of the statute, itself, or such intent may be apparent from companion statutory enactments." *DeVane v. Kennedy*, 205 W.Va. 519, 528, 519 S.E.2d 622, 631 (1999). In Syllabus Point 2, in part, of *Mills v. Van Kirk*, 192 W.Va. 695, 453 S.E.2d 678 (1994), we held that in order "[t]o determine the true intent of the legislature, courts are to examine the statute in its entirety and not select 'any single part, provision, section, sentence, phrase or word.' Syllabus Point 3, in part, *Pristavec v. Westfield Ins. Co.*, 184 W.Va. 331, 400 S.E.2d 575 (1990)."

■ After the legislative intent of a statute is established, the language of the provision at issue is considered. *DeVane*, 205 W.Va. at 529, 519 S.E.2d at 632. " 'A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.' Syl. pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951)." Syllabus Point 1, *Sowa v. Huffman*, 191 W.Va. 105, 443 S.E.2d 262 (1994). *See also* Syllabus Point 1, *State v. Jarvis*, 199 W.Va. 635, 487 S.E.2d 293 (1997). Stated another way, "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syllabus Point 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968).

Applying these principles of statutory construction, we first note that the intent of the Legislature in enacting W.Va.Code § 4-1-17 was expressly set forth in the statute. W.Va. Code § 4-1-17(a) states that:

> In accordance with the constitutional separation of powers and principles of comity, it is the purpose of this section to provide that members of the Legislature and certain designated legislative employees are not required to attend to matters pending

before tribunals of the executive and judicial branches of government when the timing of those matters may present conflicts with the discharge of the public duties and responsibilities that are incumbent upon members or employees of the Legislature.

In order to achieve the statute's purpose, the Legislature mandated that "the judicial and executive branches refrain from requiring the personal presence and attention of a legislator" during legislative sessions or meetings. W.Va.Code § 4–1–17(a). In addition, the Legislature further provided that:

During any applicable time period, a member or designated employee who does not otherwise consent to a waiver of the stay is not required to do any of the following:

(1) Appear in any tribunal, whether as an attorney, party, witness or juror;

(2) Respond in any tribunal to any complaint, petition, pleading, notice or motion that would require a personal appearance or the filing of a responsive pleading;

(3) File in any tribunal any brief, memorandum or motion;

(4) Respond to any motion for depositions upon oral examination or written questions;

(5) Respond to any written interrogatories, request for production of documents or things, request for admissions or any other discovery procedure, whether or not denominated as such; or

(6) Appear or respond to any other act or thing in the nature of those described in subdivisions (1), (2), (3), (4) or (5) of this subsection; or

(7) Make any other appearance before a tribunal or attend to any other matter pending in a tribunal that in the discretion of the member or designated employee would inhibit the member or designated employee in the exercise of the legislative duties and responsibilities owed to the public.

W.Va.Code § 4–1–17(d).

■ Based upon the plain language of the statute, the petitioner's attorney in the case at bar was clearly not required to file the petitioner's petition for appeal while he was participating in legislative interim meetings. Also, he was excused from filing the appeal for the four days preceding the legislative interim meetings and the four days after. W.Va.Code § 4–1–17(b)(1). Thus, for a total of eleven days during the appeal period at issue, the petitioner's attorney was engaged in legislative business and not required to attend to this matter. Although the appeal period in this instance was thirty days and did not expire until a few days after the petitioner's attorney discharged his duties and responsibilities as a legislator, we believe the petitioner was entitled to an extension of time to file his appeal of the family court orders.

■ Pursuant to Rule 31 of the West Virginia Rules of Practice and Procedure for Family Court,

The circuit court may, for good cause shown in a written motion, extend the time prescribed by these rules for doing any act related to the appeal before it, or may permit an act to be done after the expiration of such time. Provided, however, that any extension of time granted by the circuit court may not exceed a period of ten days.

In light of W.Va.Code § 4–1–17, we believe that the petitioner established good cause for an extension of time to file his appeal. W.Va.Code § 4–1–17 was enacted with the intention of allowing legislators to focus solely upon the business of the Legislature while it is in session. To that end, the statute allows legislators to put matters involving the judicial and executive branches on hold while they participate in legislative sessions and meetings. Since the petitioner's attorney was performing his legislative duties during more than a third of the petitioner's appeal period, we find that the circuit court abused its discretion by not granting the petitioner's motion for an extension of time to file his appeal.

**IV.**

**CONCLUSION**

Accordingly, for the reason set forth above, we hereby grant a writ of prohibition to the petitioner to prevent the respondent

from· entering and enforcing an order denying the petitioner's motion for an extension of time to file his appeal of the family court orders in the underlying divorce action.

Writ granted.