414 S.E.2d 454

**G.K. FARLEY, Petitioner,**

v.

**J.R. BUCKALEW, Superintendent of the West Virginia Department of Public Safety, and the West Virginia Department of Public Safety, Respondents.**

**No. 20529.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 28, 1992.

Decided Feb. 6, 1992.

---

694

Meris E. Ketchum, John H. Bickwell, Greene, Ketchum, Bailey & Tweel, Huntington, for the petitioner.

Mario Palumbo, Atty. Gen., Teresa L. Sage, Asst. Atty. Gen., South Charleston, for respondents.

NEELY, Justice:

G.K. Farley, a corporal in the West Virginia Department of Public Safety, filed a petition in the Circuit Court of Kanawha County appealing his transfer orders. The Department of Public Safety denied the allegations in Cpl. Farley's petition and moved to dismiss for lack of jurisdiction. The circuit court denied the motion to dismiss, but certified the following question to this Court:

> When a member of the West Virginia Department of Public Safety is transferred from one detachment to another detachment, may an appeal of the transfer decision be taken directly to the Circuit Court of Kanawha County, pursuant to *W.Va.Code* § 15–2–6, and § 15–2–20?

We answer the certified question in the negative.

I.

Col. J.R. Buckalew, Superintendent of the West Virginia Department of Public Safety, issued Special Order Number 356 on 3 December 1990, by which he sought to transfer five members of the Department to meet its operational needs. As a part of this order, Cpl. Farley was transferred from Company B stationed in Wayne County to Company D stationed in Logan County. The circuit court has entered a preliminary injunction against Cpl. Farley's transfer until this case is decided.

II.

The sole question before the Court is the meaning of *W.Va.Code*, 15–2–20 [1977] and *W.Va.Code*, 15–2–6 [1984]. Cpl. Farley contends that he has the right to appeal his transfer directly to the Circuit Court of Kanawha County. The Department of Public Safety maintains, however, that Cpl. Farley must first exhaust his administrative remedies before appealing to the circuit court.

*W.Va.Code*, 15–2–20 [1977] provides in pertinent part:

The superintendent may transfer members to meet the operational needs of the department. A transfer may not be made as a disciplinary measure.

Whenever any member of the department is to be transferred from one station to another station, for a period of time in excess of sixty days, the superintendent shall give written notice of such proposed transfer to such member at least fifteen days in advance of such transfer. The superintendent shall not, however, be required to give such notice in the event the transfer is at the request of the member who is to be transferred. In the event that a member appeals a transfer in accordance with section six [§ 15–2–6] of this article, the transfer shall not take effect pending the appeal before the board. If the board upholds the transfer, such transfer shall be effective upon the issuance of the board's decision and shall remain in effect pending any appeal of such decision by the member.

\*　　\*　　\*　　\*　　\*　　\*

*The member may appeal the superintendent's order of transfer to the board of appeals created for such purpose or to the circuit court of Kanawha county in accordance with the provisions of section six [§ 15–2–6] of this article* and all of the original papers in such cases shall be delivered to the appeals board or the circuit court, as the case may be. The right of a member to appeal a transfer shall not apply until the member has completed the eighteen-month probationary period with the department. [Emphasis added.]

Although *W. Va. Code,* 15–2–20 [1977] provides for appeal of transfer orders to the board of appeals *or* to the Circuit Court of Kanawha County, appeals to the Circuit Court of Kanawha County must be "in accordance with" *W. Va. Code,* 15–2–6 [1984].

*W. Va. Code,* 15–2–6 [1984] provides in pertinent part:

Appeals of transfers, suspensions, demotions in rank and discharges shall be heard by boards of appeals convened pursuant to the provisions of this section.

\*　　\*　　\*　　\*　　\*　　\*

Within fifteen days after a member of the department has received a notice of transfer or a statement of charges and an order of suspension, demotion in rank or discharge by the superintendent, he may appeal the transfer or order to an appeals board by filing a written notice of appeal with the superintendent. The superintendent shall promptly record and file each appeal, select a board, notify each new board member of his selection, and furnish to each board member a copy of the notice or order appealed from and the notice of appeal. A hearing by a board of appeals shall be held within thirty days after the superintendent has received a member's notice of appeal. At least fifteen days prior to the hearing date, the board shall notify the superintendent and the member making the appeal of the date, time and place of the hearing.

\*　　\*　　\*　　\*　　\*　　\*

*Either party aggrieved by a decision of a board of appeals may appeal the decision to the circuit court of Kanawha County within sixty days of receipt of a copy of the board's decision.*

The court shall hear the appeal upon the record and determine all questions submitted to it on appeal.... [Emphasis added.]

A statute that is ambiguous must be construed before it can be applied. *Application of Metheney,* 182 W.Va. 722, 391 S.E.2d 635 (1990). As we stated in Syllabus Points 1 and 3 of *Smith v. State Workmen's Compensation Commissioner,* 159 W.Va. 108, 219 S.E.2d 361 (1975):

1. The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature.

3. Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments.

In this case, *W. Va. Code*, 15–2–6 [1984] and *W. Va. Code*, 15–2–20 [1977], when read together, are ambiguous. *W. Va. Code*, 15–2–20 [1977] seems to allow appeal either through the administrative process or directly to the Circuit Court of Kanawha County. However, *W. Va. Code*, 15–2–6 [1984] states that this appeal to the Circuit Court of Kanawha County can be made only after exhaustion of available administrative remedies.

We have consistently held that specific statutory provisions take precedence over general statutory provisions when the two read together create an ambiguity. *See, e.g., Matter of Vandelinde*, 179 W.Va. 183, 366 S.E.2d 631 (1988); *Elite Laundry Co. v. Dunn*, 126 W.Va. 858, 30 S.E.2d 454 (1944). *W. Va. Code*, 15–2–6 [1984] clearly contemplates appeal to the circuit court only after the exhaustion of available administrative remedies.[1] In this case, the more specific provisions of *W. Va. Code*, 15–2–6 [1984] then govern and require the appellant to exhaust his remedies through the appeal board before bringing his case to the Circuit Court of Kanawha County.

Furthermore, this holding is consistent with the legislative intent behind these statutes. The legislature has provided an appeal mechanism totally unrelated to the Department of Public Safety for appeals of transfers. However, the legislature has also provided explicitly for an administrative remedy. To allow direct appeal to the circuit court would render the administrative procedure lifeless, while at the same time further clog the docket of the Circuit Court of Kanawha County.

### III.

For the foregoing reasons, the certified question is answered in the negative.

Certified Question answered.

---

**1.** As we stated in *Daurelle v. Traders Fed. Sav. & Loan Assn.*, 143 W.Va. 674, 104 S.E.2d 320 (1958), "[t]he general rule ... is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the courts will act.... The rule which requires the exhaustion of administrative remedies is a long settled rule of judicial administration and applies alike to relief at law and to relief in equity."