487 S.E.2d 293

STATE of West Virginia, Plaintiff Below, Appellee,

v.

Raymond JARVIS, Defendant Below, Appellant.

No. 23904.

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1997.

Decided May 30, 1997.

Leslie K. Kiser, Senior Assistant Attorney General, Charleston, for Appellee.

Leonard Kaplan, Assistant Public Defender, Charleston, for Appellant.

WORKMAN, Chief Justice:

Raymond Jarvis appeals from the February 1, 1996, order of the Circuit Court of Nicholas County denying his motion for modification of sentence based on the alleged accumulation of good time credit for days worked as a trustee. This case presents the issue of whether West Virginia Code § 17–15–4 (1996), which concerns "good time" credit for work performed by inmates at county jails, applies to inmates sentenced to the penitentiary who are incarcerated in a county jail while awaiting transfer. After reviewing the applicable statutes, we conclude that it does not, and accordingly affirm the decision of the lower court.

Appellant was sentenced by order dated October 28, 1992, to two consecutive one-to-five year sentences for first degree sexual abuse. He was detained at the Central Re-

gional Jail from February 22, 1993, to August 11, 1994, while awaiting transfer to the Huttonsville Correctional Center. While at the jail, Appellant performed 195 days of work as a trustee.[1]

On November 28, 1995, Appellant filed a motion for modification of sentence with the circuit court through which he sought to have his sentence reduced based on the alleged accumulation of "good time" credit. The circuit court denied Appellant's motion, finding that:

> *West Virginia Code 17–15–4* only applies to persons sentenced to confinement at a regional jail. This defendant was not sentenced to confinement at the regional jail, but to confinement at the West Virginia State Penitentiary.

Appellant filed a habeas corpus petition with this Court on February 14, 1996, and this Court granted the petition [2] by order entered December 6, 1996.

 At the center of the issue presented is the language of West Virginia Code § 17–15–4, which states in applicable part,

> (a) Any person *convicted of a criminal offense and sentenced to confinement in a county or regional jail shall,* as incident to such sentence of confinement, be required to perform labor within the jail, as a trustee or otherwise, or in and upon the buildings, grounds, institutions, roads, bridges, streams or other public works of the county or the area within which the regional jail is located....
>
> ....
>
> (g) Any inmate who performs work pursuant to the provisions of this section shall receive as sole and full compensation therefor, a reduction in his or her term of incarceration of not more than twenty-five percent of the original sentence....
>
> (h) Any person being held as a detainee or for contempt may voluntarily participate in such labor as provided for in this section under the terms and conditions hereinbefore set forth.

W. Va.Code § 17–15–4(a), (g), (h) (emphasis supplied).

Appellant argues that although he was sentenced to the penitentiary, he was de facto serving a sentence at the regional jail while awaiting transfer and therefore, is entitled to the "good time" credit provisions of West Virginia Code § 17–15–4. Alternatively, he suggests that he comes within the statute as a detainee pursuant to subsection (g). In response to these arguments, the State maintains that West Virginia Code § 17–15–4 is only applicable to inmates who have been "sentenced to confinement in a county or regional jail." W. Va.Code § 17–15–4(a). Since Appellant was sentenced to the penitentiary, the State concludes that the "good time" credit provisions of West Virginia Code § 17–15–4 cannot be used to modify Mr. Jarvis' sentence. As additional support for its position, the State cites the language of West Virginia Code § 28–5–27(k) (1992) that expressly limits the accumulation of "good time or credit" for inmates of the Department of Corrections to "the manner provided in this section."

 Well-established rules of construction require that "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951). We agree with the position advocated by the State and adopted by the circuit court below—the statutory language of West Virginia Code § 17–15–4(a) unambiguously states that it applies to inmates "sentenced to confinement in a county or regional jail." Appellant does not dispute that he was not sentenced to confinement in a county or regional jail, but seeks to obtain credit strictly by virtue of the fact that he performed work while detained at the regional jail. The fact that he was detained at the jail while awaiting transfer, however, does not alter the clear intent of the Legislature that "good time" credit for work performed as a trustee is limited to inmates sentenced to confinement at county or regional jails.

---

1. There is no controversy regarding the period of time that Appellant worked as a trustee; the dispute is limited to whether such time can be credited against his sentence.

2. The habeas petition is being treated as a petition for appeal.

The provisions of West Virginia Code § 28–5–27 establish the conditions under which "good time" credit may be acquired for inmates sentenced to confinement at the penitentiary. While that statute extends credit for good conduct pursuant to the conditions stated therein, there is no provision comparable to West Virginia Code § 17–15–4 that would permit "good time" credit for work performed as a trustee. Moreover, that section states in no uncertain terms that "[t]here shall be no grants or accumulations of good time or credit to any inmate now or hereafter serving a sentence in the custody of the department of corrections except in the manner provided in this section." W. Va.Code § 28–5–27(k).

Accordingly, we hold that an inmate who has been sentenced to the West Virginia State Penitentiary and performs work as a trustee at a county or regional jail while awaiting transfer cannot accumulate "good time" credit for the work performed pursuant to the provisions of West Virginia Code § 17–15–4. The provisions of West Virginia Code § 28–5–27 solely govern the accumulation of "good time" for inmates sentenced to the West Virginia State Penitentiary.

Based on the foregoing, the decision of the Circuit Court of Nicholas County is hereby affirmed.

Affirmed.