STEVE UDZINSKI, Administrator of the Estate of LOUISE UDZINSKI and Administrator of the Estate of VICTOR UDZINSKI v. JEFFREY D. LOVIN, M.D. and HAYWOOD MEDICAL IMAGING, P.C.

No. 477A03

(Filed 25 June 2004)

### Medical Malpractice–wrongful death–statute of repose

Reading the provisions of N.C.G.S. §§ 1-15(c), 90-21.11 and 1-53(4) together and considering the function of a statute of repose, the legislature did not intend for actions premised on medical malpractice to be instituted more than four years after the last allegedly negligent act, even when the damages sought are for wrongful death.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 159 N.C. App. 272, 583 S.E.2d 648 (2003), affirming a judgment entered 29 January 2002 by Judge Mark E. Klass in Superior Court, Iredell County. Heard in the Supreme Court 15 March 2004.

*Comerford & Britt, L.L.P., by Clifford Britt and Terre T. Yde, for plaintiff-appellant.*

*Carruthers & Roth, P.A., by Richard L. Vanore and Norman F. Klick, Jr., for defendants-appellees.*

## UDZINSKI v. LOVIN

[358 N.C. 534 (2004)]

*Womble Carlyle Sandridge & Rice, PLLC, by Sara R. Lincoln, on behalf of the North Carolina Association of Defense Attorneys, amicus curiae.*

*Law Office of Michael W. Patrick, by Michael W. Patrick, and Faison & Gillespie, by Mark R. McGrath, on behalf of the North Carolina Academy of Trial Lawyers, amicus curiae.*

PER CURIAM.

Plaintiff as administrator of the estate of his mother, Louise Udzinski, and of his father, Victor Udzinski, instituted this civil action grounded in medical malpractice seeking to recover damages for the wrongful death of Louise Udzinski and for the emotional distress suffered by Victor Udzinski prior to his death. Louise Udzinski died of metastatic lung cancer. Victor Udzinski, who was distraught by his wife's suffering during her last illness and by her death, died of a heart attack approximately six months later.

Plaintiff's complaint, filed on 27 July 2001, alleges that on 17 February 1997 defendant Jeffrey D. Lovin, M.D. negligently misinterpreted Mrs. Udzinski's chest x-ray by failing to detect what was later determined to be a cancerous lesion. When diagnosed in February 1998, the cancer was incurable. Mrs. Udzinski died approximately thirteen months later on 1 April 1999. Prior to filing the complaint, plaintiff obtained an extension of the statute of limitations in a medical malpractice action pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure on 27 March 2001.

The trial court allowed defendants' motions to dismiss for failure to state a claim for relief and for judgment on the pleadings on the basis that plaintiff's complaint was barred by the statute of repose in N.C.G.S. § 1-15(c). A divided panel of the Court of Appeals affirmed the trial court but without a majority opinion. *Udzinski v. Lovin*, 159 N.C. App. 272, 583 S.E.2d 648 (2003).

Plaintiff contends that this action is one for wrongful death and is governed solely by the two year statute of limitations in N.C.G.S. § 1-53(4). Defendants contend that this action, filed more than four years after the last allegedly negligent act of defendant Lovin, is barred by the statute of repose in N.C.G.S. § 1-15(c) applicable to professional malpractice. We affirm the Court of Appeals.

Section 1-15(c) states, "Except where otherwise provided by statute, a cause of action for malpractice arising out of the perform-

ance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action. . . ." N.C.G.S. § 1-15(c) (2003). This Court has interpreted this language to mean that claims for medical malpractice are governed by N.C.G.S. § 1-15(c). *Black v. Littlejohn*, 312 N.C. 626, 325 S.E.2d 469 (1985). Moreover, a "medical malpractice action" is defined in section 90-21.11 as a "civil action for damages for personal injury *or death* arising out of the furnishing or failure to furnish professional services in the performance of medical, dental, or other health care by a health care provider." N.C.G.S. § 90-21.11 (2003) (emphasis added).

In N.C.G.S. § 1-15(c) the General Assembly specifically proscribed bringing an action for professional malpractice "more than four years from the last act of the defendant giving rise to the cause of action," with an exception for claims arising out of foreign objects left in the body. This Court has previously held that the time requirement in a statute of repose is an element of the claim that must be satisfied in order for the claim to be maintained. *Bolick v. Am. Barmag Corp.*, 306 N.C. 364, 370, 293 S.E.2d 415, 420 (1982).

> Unlike a limitation provision which merely makes a claim unenforceable, a condition precedent establishes a time period in which suit must be brought in order for [a] cause of action to be recognized. If the action is not brought within the specified period, the plaintiff "literally has *no* cause of action. The harm that has been done is damnum absque injuria—a wrong for which the law affords no redress."

*Hargett v. Holland*, 337 N.C. 651, 655, 447 S.E.2d 784, 787 (1994) (quoting *Rosenberg v. Town of North Bergen*, 61 N.J. 190, 199, 293 A.2d 662, 667 (1972)), *quoted in Boudreau v. Baughman*, 322 N.C. 331, 340-41, 368 S.E.2d 849, 857 (1988) (alteration in original). Thus, this statute of repose acts as "an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue." *Black*, 312 N.C. at 633, 325 S.E.2d at 475. If a plaintiff fails to bring his action within the time specified by the statute of repose, the plaintiff has no recourse in a court of law. *Hargett*, 337 N.C. at 655, 447 S.E.2d at 787-88.

Section 1-53(4) upon which plaintiff relies provides a two year statute of limitations for "[a]ctions for damages on account of the death of a person caused by the wrongful act, neglect or fault of

**UDZINSKI v. LOVIN**

[358 N.C. 534 (2004)]

another under G.S. 28A-18-2." N.C.G.S. § 1-53(4) (2003). The statute further provides, "[T]he cause of action shall not accrue until the date of death. Provided that, whenever the decedent would have been barred, had he lived, from bringing an action for bodily harm because of the provisions of G.S. 1-15(c) . . . no action for his death may be brought." *Id.* Reading the provisions of N.C.G.S. §§ 1-15(c), 90-21.11, and 1-53(4) together and considering the function of a statute of repose, we conclude that the legislature did not intend for actions premised on medical malpractice to be instituted more than four years after the last allegedly negligent act, even when the damages sought are for wrongful death.

In the instant case, the last act of defendant Lovin giving rise to this cause of action occurred on 17 February 1997 when defendant Lovin interpreted Mrs. Udzinski's x-ray. This action was filed on 27 July 2001. The passage of four years from defendant Lovin's last act triggered the operation of the statute of repose in N.C.G.S. § 1-15(c). Notwithstanding that plaintiff was seeking damages for wrongful death, by the time he filed his complaint, and even by the time he filed his request to extend the statute of limitations, he had no cause of action.

For the foregoing reasons, the decision of the Court of Appeals is affirmed.

AFFIRMED.