# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## January 2016 Term

_____

No. 15-0819

_____

FILED
February 10, 2016
released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA EX REL.
AMERICAN ELECTRIC POWER CO., INC.;
AMERICAN ELECTRIC POWER SERVICE CORPORATION;
OHIO POWER COMPANY; AND
DOUG WORKMAN,
Petitioners

V.

HONORABLE DAVID W. NIBERT,
JUDGE OF THE CIRCUIT COURT OF MASON COUNTY;
ESTATE OF BOBBY CLARY BY JOY CLARY, ADMINISTRATOR;
ESTATE OF LARRY LAUDERMILT BY HARRIET LAUDERMILT,
ADMINISTRATOR;
ESTATE OF FRED PARKER BY NANCY PARKER, ADMINISTRATOR;
ESTATE OF JAMES STEWART BY SHAWN STEWART, ADMINISTRATOR;
ESTATE OF JOAN WAMSLEY BY JOHN WAMSLEY, ADMINISTRATOR;
ESTATE OF JUDITH WRIGHT BY THOMAS WRIGHT, ADMINISTRATOR;
ROBERT ALLEN; LARRY ANGEL; JOSEPH BALL;
PAUL BRAMMER; ROBERT BRUCE; RONALD CAMPBELL;
ANTHONY CARDILLO; DAVID CARSEY; JAMES CHAPMAN;
RICK CLARY; GARY COOPER; CHARLES EHMAN;
ROBERT FRAZIER; DAVID JONES; RICHARD LAMBE;
TONYA LAVENDER; HARRIETT LAUDERMILT; PAUL MCDANIEL;
TAMMY MULLENS; TRACY MULLENS; JOHN POFF;
DON REES; ELTON RITCHIE; WILBUR ROBINSON;
MICHAEL SHAW; ROGER SHORT; IVA SISSON;
CARLOS STEPP; THERON SWISHER; ROY TAYLOR;
PAUL THOMAS; JOAN WAMSLEY; SHAREN WAMSLEY;
STEVEN WATSON; EDMOND WRIGHT; THOMAS WRIGHT;
TIANA ANGEL, BY TINA HUDSON, MOTHER AND NEXT FRIEND;
TINA HUDSON; JOYCE BARCUS; AUGUSTENE BRAMMER;
KACEY BURRIS; CHERYL CLARY; JANET REES;
DIANA WRIGHT; LARRY ANGEL, II; TERRI BOOTH;

**SHAWN CARDILLO; AMY EDWARDS; JESSE EHMAN; MELISSA HAYES; ALEXIS MULLENS; ELIZABETH PIERCE; HANNA RAMSBURG; DARRIN REESE; CHRISTOPHER SHAW; JOHN SISSON; ROBERT SISSON, JR.; KAREN TERRY; DON WAMSLEY; ROBIN WAMSLEY; JACOB WATSON; JEREMIAH WATSON; TERRI CARSEY; SUZANNE CHAPMAN; DIAN MCDANIEL; BRENDA POFF; CHERYL SHAW; ROBERT SISSON; VICKI TAYLOR; KAREN THOMAS; AND SHEILA WATSON, Respondents**

---

**Petition for Writ of Prohibition**

**WRIT DENIED**

---

**Submitted: January 13, 2016**
**Filed:  February 10, 2016**

| | |
|---|---|
| **Ancil G. Ramey** | **Christopher J. Regan** |
| **James W. Turner** | **J. Zachary Zatezalo** |
| **Jessica L. Wiley** | **Laura P. Pollard** |
| **Steptoe & Johnson PLLC** | **Bordas & Bordas, PLLC** |
| **Huntington, West Virginia** | **Wheeling, West Virginia** |
| **Attorneys for the Petitioners** | **L. David Duffield** |
| | **Chad S. Lovejoy** |
| | **Duffield, Lovejoy, Stemple & Boggs, PLLC** |
| | **Huntington, West Virginia** |
| | **Attorneys for the Respondents** |

**JUSTICE DAVIS delivered the Opinion of the Court.**

**JUSTICES BENJAMIN AND LOUGHRY dissent and reserve the right to file separate opinions.**

**SYLLABUS BY THE COURT**

1.  A circuit court's decision to deny a motion to dismiss based upon *forum non conveniens* will not be reversed unless the circuit court has abused its discretion.

2.  "Under West Virginia Code § 56-1-1a (Supp. 2010), dismissal of a claim or action on the basis of forum non conveniens presupposes at least two forums in which the defendant is amenable to process; the statute furnishes criteria for choice between them. In the event that the defendant is not amenable to process in any alternate forum, dismissal of a claim or action under this statute would constitute error." Syllabus point 8, *Mace v. Mylan Pharmaceuticals, Inc.*, 227 W. Va. 666, 714 S.E.2d 223 (2011).

3.  "In considering 'whether an alternate forum exists in which the claim or action may be tried' pursuant to West Virginia Code § 56-1-1a(a)(1) (Supp. 2010), an alternate forum is presumed to 'exist' where the defendant is amenable to process. Such presumption may be defeated, however, if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all. In such cases, the alternate forum ceases to 'exist' for purposes of forum non conveniens, and dismissal in favor of that forum would constitute error." Syllabus point 9, *Mace v. Mylan Pharmaceuticals, Inc.*, 227 W. Va. 666, 714 S.E.2d 223 (2011).

4.      "By using the term 'shall,' the Legislature has mandated that courts must consider the eight factors enumerated in West Virginia Code § 56-1-1a (Supp. 2010), as a means of determining whether, in the interest of justice and for the convenience of the parties, a claim or action should be stayed or dismissed on the basis of forum non conveniens."  Syllabus point 5, *State ex rel. Mylan, Inc. v. Zakaib*, 227 W. Va. 641, 713 S.E.2d 356 (2011).

**Davis, Justice:**

The petitioners herein, American Electric Power Co., Inc., et al. (collectively, "AEP"), request this Court to issue a writ of prohibition to prevent the enforcement of an order entered August 5, 2015, by the Circuit Court of Mason County. By that order, the circuit court denied AEP's motion to dismiss based upon *forum non conveniens*.[1] Before this Court, AEP contends that the circuit court erred by refusing to dismiss the underlying complaint pursuant to the *forum non conveniens* statute, W. Va. Code § 56-1-1a (2008) (Repl. Vol. 2012).[2] Upon a review of the parties' briefs, the record designated for appellate consideration, and the pertinent authorities, we deny the requested writ of prohibition. In summary, we find that the circuit court adequately considered and applied the statutory *forum non conveniens* factors in refusing AEP's motion to dismiss on such grounds.

---

[1]The circuit court also issued a second order that was entered on August 5, 2015, denying AEP's motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. AEP does not seek relief from this second order in the instant proceeding.

[2]For the relevant text of W. Va. Code § 56-1-1a (2008) (Repl. Vol. 2012), see Section III, *infra*.

1

# I.

## FACTUAL AND PROCEDURAL HISTORY

The instant proceeding originated when the respondents herein, the estate of Bobby Clary, by his administrator Joy Clary, et al. (collectively, "the Plaintiffs"), filed the underlying action against AEP in the Circuit Court of Mason County on August 9, 2014. In their complaint, the Plaintiffs sought damages for injuries they, or their family members, have incurred as a result of their exposure to coal combustion waste from the General James M. Gavin Power Plant, the General James M. Gavin Landfill, and associated facilities (collectively, "Gavin Landfill") in Gallipolis, Ohio. The Plaintiffs allege that they, or the parties they represent, have developed numerous different types of cancer and/or other health problems from their exposure to the coal waste. Specifically, the Plaintiffs claim that such coal waste, or fly ash, contains a variety of toxic metals, including arsenic, mercury, chromium, lead, uranium, cadmium, thallium, and molybdenum. Of the seventy-seven named plaintiffs, approximately nine plaintiffs are West Virginia residents; the remaining plaintiffs are primarily residents of Ohio and Kentucky, while a few reside in still other states.

The Plaintiffs allege that AEP owns and/or operates[3] the Gavin Landfill and

---

[3]AEP disputes the Plaintiffs' assertions as to its control over the Gavin Landfill.

that its employee and named defendant below, Doug Workman ("Mr. Workman"), specifically directed the employee plaintiffs to work in and around the coal waste and fly ash. The Plaintiffs further allege that Mr. Workman failed to address concerns raised by the employee plaintiffs questioning the safety of coal waste exposure, that they were not provided with protective gear to minimize the effects of such exposure, and that AEP and Mr. Workman intentionally concealed the hazardous effects of the coal waste and exposure thereto. While the Gavin Landfill is located in Ohio, AEP conducts significant business in West Virginia, and Mr. Workman is a West Virginia resident.

In response to the Plaintiffs' complaint, AEP filed a motion to dismiss based upon *forum non conveniens*. To support its motion, AEP contended that because most of the Plaintiffs are not residents of West Virginia and because the Plaintiffs' cause of action, *i.e.*, exposure to coal waste and resultant injuries, accrued in Ohio, and not in West Virginia, dismissal of the case pursuant to the *forum non conveniens* statute, W. Va. Code § 56-1-1a, was proper. The Plaintiffs replied that any inconvenience resulting from pursuing their claims in West Virginia, rather than in Ohio, was insignificant insofar as the geographical distance between the West Virginia and Ohio courthouses is less than ten miles, the majority of the defendants are amenable to suit in West Virginia, the Plaintiffs have all agreed to litigate their claims in West Virginia, and the vast majority of the case's witnesses are the Plaintiffs, themselves, who have agreed to make themselves available for depositions and

3

courtroom testimony in West Virginia.

The circuit court held a hearing on AEP's motion, and, by order entered August 5, 2015, refused AEP's motion to dismiss based upon *forum non conveniens*. Applying each of the statutory factors, and rendering findings of fact and conclusions of law as to each,[4] the circuit court determined that West Virginia is not such an inconvenient forum so as to require trial of the case elsewhere. The court further expressed concern that dismissal of the case would deprive West Virginia residents of their constitutional right to pursue their claims against the defendants in a West Virginia and simultaneously treat nonresidents differently by depriving nonresidents of rights afforded to West Virginia residents.[5] Finally, the court noted that, to the extent that Ohio law might govern the parties' dispute, the court regularly applies Ohio law in cases over which it presides given its proximity to the Ohio border. From this adverse ruling, AEP seeks extraordinary relief from this Court to prohibit the

---

[4]See Section III, *infra*, for further treatment of the circuit court's order analyzing the statutory *forum non conveniens* factors.

[5]For this point, the circuit court relied upon this Court's prior comments in *Morris v. Crown Equipment Corp.*, 219 W. Va. 347, 354, 633 S.E.2d 292, 299 (2006), observing that "there is a strong constitutional disfavoring of the categorical exclusion of nonresident plaintiffs from a state's courts under venue statutes when a state resident would be permitted to bring a similar suit." We remind the circuit court, however, that determination of a motion seeking dismissal upon *forum non conveniens* grounds is governed by statute, rather than by our cases decided before the promulgation of said statute. *See State ex rel. Ford Motor Co. v. Nibert*, 235 W. Va. 235, 240, 773 S.E.2d 1, 6 (2015) (cautioning circuit court to base *forum non conveniens* ruling upon W. Va. Code § 56-1-1a rather than cases predating statute's adoption).

4

circuit court from enforcing its August 5, 2015, order.

## II.

## STANDARD FOR ISSUANCE OF WRIT

In this proceeding, AEP requests this Court to issue a writ of prohibition to prevent the circuit court from enforcing its order which denied AEP's motion to dismiss based upon *forum non conveniens*. As an extraordinary remedy, this Court reserves the granting of such relief to "really extraordinary causes." *State ex rel. Suriano v. Gaughan*, 198 W. Va. 339, 345, 480 S.E.2d 548, 554 (1996) (internal quotations and citations omitted). Accordingly, "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers." Syl. pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E. 2d 425 (1977). Moreover, "this Court will use prohibition . . . to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance." Syl. pt. 1, in part, *Hinkle v. Black*, 164 W. Va. 112, 262 S.E.2d 744 (1979), *superseded by statute on other grounds as stated in State ex rel. Thornhill Grp., Inc. v. King*, 233 W. Va. 564, 759 S.E.2d 795 (2014).

5

Furthermore, we previously have recognized that cases involving venue determinations entail a high probability of reversal if errors are not corrected at the outset and, thus, are appropriate for extraordinary relief. *See State ex rel. Huffman v. Stephens*, 206 W. Va. 501, 503, 526 S.E.2d 23, 25 (1999) ("In the context of disputes over venue, such as dismissal for forum non conveniens . . . a writ of prohibition is an appropriate remedy to resolve the issue of where venue for a civil action lies, because the issue of venue has the potential of placing a litigant at an unwarranted disadvantage in a pending action and relief by appeal would be inadequate." (internal quotations and citations omitted)).

When deciding whether the writ of prohibition should issue in a given case, we have held as follows:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger,* 199 W. Va. 12, 483 S.E.2d 12 (1996).

Furthermore, we have previously held that whether a case should be dismissed based upon *forum non conveniens* grounds is best left to the discretion of the presiding tribunal because such a determination is driven by the facts of a particular case. Thus, "[a] circuit court's decision to invoke the doctrine of *forum non conveniens* will not be reversed unless it is found that the circuit court abused its discretion." Syl. pt. 3, *Cannelton Indus. v. Aetna Cas. & Sur. Co. of America*, 194 W. Va. 186, 460 S.E.2d 1 (1994). We also find the converse to be true and therefore additionally hold that a circuit court's decision to deny a motion to dismiss based upon *forum non conveniens* will not be reversed unless the circuit court has abused its discretion. *See Cannelton*, 194 W. Va. at 191, 460 S.E.2d at 6 ("'The *forum non conveniens* determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion[.]'" (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S. Ct. 252, 266, 70 L. Ed. 2d 419 (1981) (additional citations omitted))).

Finally, to the extent that the doctrine of *forum non conveniens* has been codified by statute, our consideration of the case *sub judice* also is guided by the standard of review applicable to cases involving statutory interpretation: "Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review."

Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W. Va. 573, 466 S.E.2d 424 (1995). *See also* Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.").

Mindful of these standards, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

The sole issue presented for our consideration and resolution herein is whether the circuit court should have dismissed the Plaintiffs' underlying lawsuit based upon *forum non conveniens*. The Legislature has codified the common law doctrine of *forum non conveniens* at W. Va. Code § 56-1-1a (2008) (Repl. Vol. 2012), which provides, in relevant part:

> (a) In any civil action if a court of this state, upon a timely written motion of a party, finds that in the interest of justice and for the convenience of the parties a claim or action would be more properly heard in a forum outside this state, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or action, or dismiss any plaintiff: *Provided*, That the plaintiff's choice of a forum is entitled to great deference, but this preference may be diminished when the plaintiff is a nonresident and the cause of action did not arise in this state. In determining whether to grant a motion to stay or dismiss an action, or dismiss any plaintiff under the doctrine of forum non conveniens, the

8

court shall consider:

(1) Whether an alternate forum exists in which the claim or action may be tried;

(2) Whether maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;

(3) Whether the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;

(4) The state in which the plaintiff(s) reside;

(5) The state in which the cause of action accrued;

(6) Whether the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state. Factors relevant to the private interests of the parties include, but are not limited to, the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; possibility of a view of the premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Factors relevant to the public interest of the state include, but are not limited to, the administrative difficulties flowing from court congestion; the interest in having localized controversies decided within the state; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty;

(7) Whether not granting the stay or dismissal would result in unreasonable duplication or proliferation of litigation; and

9

(8) Whether the alternate forum provides a remedy.

. . . .

(c) If the statute of limitations in the alternative forum expires while the claim is pending in a court of this state, the court shall grant a dismissal under this section only if each defendant waives the right to assert a statute of limitation defense in the alternative forum. The court may further condition a dismissal under this section to allow for the reinstatement of the same cause of action in the same forum in the event a suit on the same cause of action or on any cause of action arising out of the same transaction or occurrence is commenced in an appropriate alternative forum within sixty days after the dismissal under this section and such alternative forum declines jurisdiction.

. . . .

(e) A court that grants a motion to stay or dismiss an action pursuant to this section shall set forth specific findings of fact and conclusions of law.

We previously have interpreted the statutory codification of the doctrine of

*forum non conveniens* as follows:

Under West Virginia Code § 56-1-1a (Supp. 2010), dismissal of a claim or action on the basis of forum non conveniens presupposes at least two forums in which the defendant is amenable to process; the statute furnishes criteria for choice between them. In the event that the defendant is not amenable to process in any alternate forum, dismissal of a claim or action under this statute would constitute error.

Syl. pt. 8, *Mace v. Mylan Pharms., Inc.*, 227 W. Va. 666, 714 S.E.2d 223 (2011). Thus,

[i]n considering "whether an alternate forum exists in

10

which the claim or action may be tried" pursuant to West Virginia Code § 56-1-1a(a)(1) (Supp. 2010), an alternate forum is presumed to "exist" where the defendant is amenable to process. Such presumption may be defeated, however, if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all. In such cases, the alternate forum ceases to "exist" for purposes of forum non conveniens, and dismissal in favor of that forum would constitute error.

Syl. pt. 9, *Mace*, 227 W. Va. 666, 714 S.E.2d 223.

We further have recognized that,

[b]y using the term "shall," the Legislature has mandated that courts must consider the eight factors enumerated in West Virginia Code § 56-1-1a (Supp. 2010), as a means of determining whether, in the interest of justice and for the convenience of the parties, a claim or action should be stayed or dismissed on the basis of forum non conveniens.

Syl. pt. 5, *State ex rel. Mylan, Inc. v. Zakaib*, 227 W. Va. 641, 713 S.E.2d 356 (2011). *See also* Syl. pt. 6, *State ex rel. Mylan, Inc. v. Zakaib*, *id.* ("In all decisions on motions made pursuant to West Virginia Code § 56-1-1a (Supp. 2010), courts must state findings of fact and conclusions of law as to each of the eight factors listed for consideration under subsection (a) of that statute."). Finally, as we noted in the preceding section, a circuit court's ruling on a motion to dismiss based upon *forum non conveniens* is reviewed for an abuse of discretion. *See Cannelton*, 194 W. Va. at 191, 460 S.E.2d at 6 (observing that court's decision regarding *forum non conveniens* "'deserves substantial deference'" (quoting *Piper Aircraft*, 454 U.S. at 257, 102 S. Ct. at 266, 70 L. Ed. 2d 419) (additional citations

11

omitted)).

In rendering its ruling, the circuit court addressed each of the eight *forum non conveniens* factors enumerated in W. Va. Code § 56-1-1a(a)(1-8) as it was required to do. *See* Syl. pt. 5, *Mylan*, 227 W. Va. 641, 713 S.E.2d 356. AEP, however, argues that the circuit court erred in refusing to find that *forum non conveniens* applies to require dismissal of the instant proceeding. In reviewing the circuit court's rulings, and the parties' arguments with respect thereto, we will retain the format employed by the circuit court so as to prevent duplicative analyses of the eight statutory factors.

### A. Factors 1, 3, and 8

The circuit court first considered factors 1, 3, and 8, specifically, (1) the existence of an alternate forum, W. Va. Code § 56-1-1a(a)(1); (3) whether the alternate forum can exercise jurisdiction over the parties, W. Va. Code § 56-1-1a(a)(3); and (8) whether the alternate forum provides a remedy, W. Va. Code § 56-1-1a(a)(8). In its August 5, 2015, order, the circuit court concluded that,

> [w]ith respect to Factors one, three and eight, regarding an alternative forum, while the Court recognizes that Ohio exists as an alternative forum, practically speaking, alternative forums almost always exist, particularly in cases that involve border States, and the Court is not persuaded that this is substantial enough for the Defendants to overcome their heavy burden in seeking dismissal of the Plaintiffs' claims. The Court also notes that while, on the one hand, the Defendants allege that Ohio

12

provides an alternative forum for this lawsuit, the Defendants also allege that the Plaintiffs' claims require[] dismissal under the substantive law of that same Ohio forum, thereby calling into question whether Ohio actually provides a true remedy for the Plaintiffs' claims.

AEP argues that, regarding factor one, even though the Plaintiffs conceded that an alternate forum exists, the circuit court disregarded the same by opining that an alternate forum "almost always exists." Further AEP complains that the circuit court only mentions and does not substantively address factor three regarding Ohio's ability to exercise jurisdiction over all of the parties named as defendants below. Finally, AEP contends, under factor eight, that if remedies exist for the Plaintiffs' claims, such remedies are available in Ohio.

The Plaintiffs respond that the circuit court correctly ruled under factor one that Ohio is not a suitable alternative forum, particularly where AEP contended, below, that if the Plaintiffs' claims were brought in Ohio, they would require dismissal on substantive grounds. As to factor three, the Plaintiffs assert that because AEP and the other defendants are licensed to and do transact substantial business in West Virginia, and derive substantial income therefrom, it is not unjust to sue them in West Virginia. Finally, regarding factor eight, the Plaintiffs contend that if there is a question as to the viability of their claims under Ohio law, they are not guaranteed that that forum will provide them a remedy. Thus, they

13

argue, the circuit court correctly rejected Ohio as an alternative forum.

We begin our consideration of these first statutory factors by noting that the *forum non conveniens* statute specifically directs that "the plaintiff's choice of a forum is entitled to great deference, but this preference may be diminished when the plaintiff is a nonresident and the cause of action did not arise in this state." W. Va. Code § 56-1-1a(a). In the instant proceeding, we note that certain Plaintiffs are, in fact, West Virginia residents, while most Plaintiffs are not residents of West Virginia. Moreover, it is undisputed that the Plaintiffs' causes of action arose in Ohio, where they were exposed to coal dust waste, not in West Virginia. Thus, while entitled to deference, the deference accorded to the Plaintiffs' choice of forum in West Virginia is necessarily diminished by these statutory considerations.

While it appears that an alternate forum exists insofar as the Plaintiffs may bring their suit in the State of Ohio, and that the State of Ohio can exercise jurisdiction over the Plaintiffs, the remedies available to the Plaintiffs in Ohio would be diminished if certain of their claims are not substantively viable in that forum. Although an unfavorable change in law does not automatically foreclose the availability of another forum, where "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all," Syl. pt. 8, *Mace*, 227 W. Va. 666, 714 S.E.2d 223, the "alternative" forum ceases to exist for purposes of a *forum non conveniens* analysis. Insofar as AEP has not

14

borne its burden of establishing that Ohio's substantive law would entertain the Plaintiffs'

claims such that their claims and resultant remedies against AEP would not be substantially

diminished, we conclude that the circuit court correctly determined that factors 1, 3, and 8

weigh in favor of retaining jurisdiction of this case in West Virginia.

### B. Factor 2

The circuit court next considered factor 2: "[w]hether maintenance of the claim

or action in the courts of this state would work a substantial injustice to the moving party."

W. Va. Code § 56-1-1a(a)(2). As to this factor, the circuit court ruled that,

> [c]onsidering Factor two, the Court finds no substantial injustice to the Defendants by maintaining this lawsuit in the Plaintiffs' chosen forum. The Defendants neither dispute that Defendant, Doug Workman, is a West Virginia resident, nor that the corporate Defendants are licensed to transact business in West Virginia, nor that the Defendants regularly transact business in West Virginia, through their ownership and/or operation of coal-fired power plants in West Virginia, and derive substantial revenue from their West Virginia business. See W. Va. Code § 56-3-33(a)(l) [(2008) (Repl. Vol. 2012)].

AEP contends the circuit court erroneously relied upon the general venue

statute, W. Va. Code § 56-1-1 (2007) (Repl. Vol. 2012), and improperly focused upon the

amenability of AEP and the other defendants to personal jurisdiction in West Virginia.

Rather, AEP suggests that the fact that Ohio substantive law governs the Plaintiffs' claims,

and that their claims may include issues of first impression, render Ohio a more appropriate

forum.

The Plaintiffs reply that maintenance of their claims in West Virginia would not constitute a "substantial injustice" to AEP or the remaining defendants insofar as they are either West Virginia residents or transact substantial business in this State. Moreover, the Plaintiffs contend that AEP has failed to demonstrate the substantial injustice it would suffer by maintenance of the Plaintiffs' lawsuit in West Virginia so as to defeat their choice of forum.

We agree with the circuit court's determination that consideration of this statutory factor militates in favor of West Virginia's retention of jurisdiction of this case. Unlike many of the *forum non conveniens* cases this Court has considered in recent years, the vast majority of the parties moving for dismissal in the case *sub judice* have direct ties to the State of West Virginia: most of the corporate defendants are incorporated and transact business in West Virginia, and Mr. Workman resides in this State. Moreover, the site of the alleged exposure is virtually equidistant from the two county courthouses at issue herein, and is actually closer to the West Virginia tribunal: the Gavin Landfill is approximately ten miles from the Mason County, West Virginia, courthouse, while the distance from the Gavin Landfill to the Gallia County, Ohio, courthouse is approximately eleven miles. Finally, with respect to AEP's choice of law complaint, that issue is more appropriately addressed in the

16

context of factor 6 insofar as W. Va. Code § 56-1-1a(a)(6) specifically references "the application of foreign law" in its enumeration of public policy factors to consider. Thus, we concur with the circuit court's assessment that factor 2 weighs in favor of maintaining jurisdiction of the Plaintiffs' claims in West Virginia.

### C. Factors 4 and 5

The third grouping of statutory *forum non conveniens factors* that the circuit court considered includes factor 4, the plaintiffs' state of residence, W. Va. Code § 56-1-1a(a)(4), and factor 5, the state in which the cause of action accrued, W. Va. Code § 56-1-1a(a)(5). With respect to these factors, the circuit court found that

> factors four and five essentially yield no practical advantage to either side. While it is undisputed that the cause of action arose in Ohio, it is similarly undisputed that this lawsuit involves West Virginia resident-Plaintiffs and a West Virginia-resident Defendant.

AEP argues that because only nine of the seventy-seven Plaintiffs are residents of West Virginia, Ohio is the more appropriate forum in this case. Additionally, AEP contends that the circuit court erroneously focused upon the fact that a West Virginia resident is named as a defendant when the operative inquiry is the residency of the plaintiff(s). Furthermore, AEP asserts that because the Plaintiffs' cause of action arose in Ohio, Ohio is the more appropriate forum and that the circuit court erred by discounting this factor.

17

The Plaintiffs respond that the circuit court correctly found that neither of these factors substantially contributed to its determination in this case. Rather, because the statute merely requires the numerous factors to be considered but does not afford any particular factor more weight than another, and because several West Virginia residents are named as parties to this case, the Plaintiffs assert that the circuit court properly determined that these factors were not, in and of themselves, determinative of the appropriate forum in this case.

As to factor 4, we agree with the circuit court's assessment that consideration of this criterion affords no practical advantage to either side insofar as the Plaintiffs in this case reside both in West Virginia and in other states. However, we find that the circuit court abused its discretion in determining that factor 5 did not afford a practical advantage to the movants herein because it erroneously gave greater weight to the residence of the defendants, which is not included within the factor 5 criterion, rather than to the place where the cause of action accrued, which is the entirety of the factor 5 consideration. Because the Plaintiffs' causes of action accrued in the State of Ohio, and not in West Virginia, we find that consideration of factor 5 weighs in favor of *forum non conveniens* dismissal and maintenance of such claims in the State of Ohio's tribunals.

## D. Factor 6

Factor 6, set forth in W. Va. Code § 56-1-1a(a)(6), requires a balancing of the "private interests of the parties and the public interest of the state" in determining whether to grant or deny *forum non conveniens* relief. We will consider each of these tests in turn.

**1. Parties' private interests.** W. Va. Code § 56-1-1a(a)(6) describes the factor 6 balancing test and enumerates the private interests to be considered as follows:

> Whether the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state. Factors relevant to the private interests of the parties include, but are not limited to, the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; possibility of a view of the premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

As to the private interest elements, the circuit court ruled that,

> [w]ith respect to Factor six, the Court finds that the private factors preponderate in favor of retaining jurisdiction in the Plaintiffs' chosen forum. . . .
>
> The Court finds that access to sources of proof does not predominate in the Defendants' favor, and that the Defendants have failed to offer anything more than conclusory allegations

19

on this factor. As the Defendants point out, the majority of witnesses live in close proximity to the Gavin Landfill, which is in close proximity to Mason County and this Court. The Court is convinced that the vast majority of necessary witness testimony and document collection can be as readily and economically accomplished in West Virginia, as it could in Ohio, using the established methods provided by the West Virginia's Rules of Civil Procedure. Certainly counsel for all the parties take out-of-state depositions and obtain out-of-state documents on a routine basis. Each state has well-established and similar subpoena procedures that can be employed, if necessary, to procure and compel out-of-state witness appearances, if necessary, and gather evidence. The Defendants, as parties, cannot complain about access to *their own property, documents or witnesses*, when they are required to permit the Plaintiffs' [*sic*] access to the same under West Virginia's Civil Rules. Similarly, the vast majority of the witnesses the Defendants will seek to discover are the actual Plaintiffs, who are similarly required to make themselves, and their relevant medical records, available to the Defendants. It is also clear from the record that neither party's experts will suffer any prejudice by testifying in West Virginia versus Ohio.[6]

With respect to the Defendants' argument regarding legal expenses, the Defendants fail to identify any additional legal expenses that would be incurred by litigating this case in West Virginia. Again, the Defendants offer only a conclusory statement that the "cost of obtaining the attendance of willing witnesses is higher than it would be if the cases were being litigated in Ohio," but they offer no explanation as to how or to what extent the litigation costs would be higher in this forum. Abbott makes clear that a defendant seeking dismissal must provide a detailed showing of the additional expenses incurred by litigating in West Virginia, and the expenses must be

---

[6]The Defendants did not raise any arguments regarding the enforceability of any judgment entered by this Court. However, the Court finds no compelling reason to believe that any judgment entered against the Defendants in this forum would not be enforceable as to the Defendants named in the Plaintiffs' lawsuit.

> substantial. The Defendants have failed to provide such a showing here, and the Court finds their argument on this point to be unpersuasive, particularly given the close geographic proximity between Mason County, West Virginia and the Gavin Landfill, near which the Defendants admit that most of the witnesses reside.

(Footnote in original).

AEP contends that a consideration of both the private and the public factors predominate in favor of Ohio as the preferred forum to hear the Plaintiffs' case. With regard to the private factors, AEP argues that the alleged act or omission complained of occurred in Ohio; many of the non-party witnesses reside in Ohio and will not be subject to compulsory process in West Virginia; it will be more costly for Ohio witnesses to attend trial in West Virginia; and it is possible that a West Virginia jury will have to be transported to Ohio to view the site of the alleged injury, *i.e.*, the Gavin Landfill.

The Plaintiffs reply that the circuit court correctly found maintenance of their suit in West Virginia to be proper. With respect to the private factors, the Plaintiffs contend that AEP has provided only conclusory allegations that Ohio is the more appropriate forum under this analysis. Rather, the Plaintiffs assert that most of the witnesses in this case are parties to this action; most of the tangible evidence involved in this case is in the possession of the parties; and AEP and/or the other defendants own or operate the Gavin Landfill and, thus, can provide access to the premises should a jury need to inspect them.

Reviewing the private interests of the parties as required by the first portion of W. Va. Code § 56-1-1a(a)(6), we conclude that the circuit court did not abuse its discretion in finding that West Virginia is the more appropriate forum under this test. Sources of proof of the Plaintiffs' injuries rest predominantly in the hands of the parties, as medical records of the Plaintiffs or maintenance records of the defendants. The vast majority of the parties in this case, however, either have submitted voluntarily to the jurisdiction of this State or are subject to West Virginia's jurisdiction by virtue of their residency or business status in this State. Moreover, to the extent evidence resides in Ohio, or must be viewed in Ohio, as we noted in Section III.B., *supra*, the difference in geographical distance between the West Virginia and Ohio tribunals is negligible, and actually predominates in favor of West Virginia. Moreover, most of the witnesses in this case will be the parties, themselves, who, as noted, have, in the main, agreed to submit to jurisdiction in West Virginia. With the exception of the sole Ohio corporate defendant, the private interests of the parties weigh heavily in favor of maintenance of the Plaintiffs' claims in West Virginia.

**2. State's public interest.** W. Va. Code § 56-1-1a(a)(6) lists the factors to be considered in the public interest test as follows:

> Factors relevant to the public interest of the state include, but are not limited to, the administrative difficulties flowing from court congestion; the interest in having localized controversies decided within the state; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury

22

duty[.]

Considering the public interest elements, the circuit court ruled that

> [t]he Court similarly finds that the public factors also weigh in favor of retaining jurisdiction in the Plaintiffs' chosen forum. The Court finds the Defendants' argument that this Court is too congested to preside over this action to be unpersuasive. The statistics produced by the Defendants fail to demonstrate any significant, compelling difference between the number of Court filings in Mason County and Gallia County or raise any particular concern that this Court is incapable of timely or properly adjudicating this lawsuit. The Court is in the best position to determine the manageability of its docket and finds that it is more than capable of handling this matter.
>
> The Court is not persuaded by the Defendants' argument that the citizens of Mason County, West Virginia have an insufficient interest in deciding this controversy. As the Plaintiffs have pointed out, exposure to coal combustion waste is an issue that touches citizens on both sides of the Ohio River, particularly those in Mason County, West Virginia, who work and/or live in the shadow of four (4) of the Defendants' coal-fired power plants. The Mason County Courthouse sits less than 10 driving miles from the Gavin Landfill, which is closer than the Defendants' Phillip Sporn or Mountaineer coal-fired power plants that are located in Mason County, West Virginia, and AEP groups their plants on both sides of the Ohio River into distinct regions, such that Defendants' Region 1 includes the Gavin plant, as well as the Mountaineer plant and other West Virginia power plants. Finally, the Court is persuaded that Mason County citizens have a sufficient interest in deciding an action brought by their fellow Mason County resident, and other West Virginia residents, against a Mason County Defendant alleged to have materially misled workers regarding the hazardous nature of the coal combustion waste to which they were being exposed.
>
> The Court finds the Defendants' argument that they will be substantially prejudiced in West Virginia by the lack of an

23

intermediate appellate Court to be unpersuasive, because transfer to Ohio is arguably substantially prejudicial to the Plaintiffs for that very same reason.

Finally, the court observed that,

> [w]ith respect to choice of law, should Ohio law control on any issues in this litigation, the Court is not especially daunted by its application. As a Court that essentially sits on the border of Ohio and West Virginia, this Court is regularly called upon to, and does, apply Ohio law in cases litigated before this Court.

Regarding the public factors, AEP asserts that the Mason County Circuit Court is more congested than that of the Gallia County court that would hear the Plaintiffs' case; all of the Plaintiffs' claims arise from alleged exposure to coal waste in Ohio, not because AEP and the remaining defendants operate facilities in West Virginia or near its border; the novelty of the Plaintiffs' claims and the fact that the case likely will involve certified questions to the Ohio Supreme Court predominate in favor of Ohio being the preferred forum; and West Virginia jurors should not be called upon to hear a case that arose in Ohio, is governed by Ohio law, and has only nine West Virginia resident plaintiffs. Considering all of these factors, AEP argues that Ohio is the more appropriate forum to hear the Plaintiffs' case.

With respect to the public factors, the Plaintiffs contend that they also weigh in favor of Mason County as the appropriate forum. In this vein, the Plaintiffs note that the

24

Mason County circuit judge is in the best position to determine the congestion of his docket, and he deemed it not to be too crowded to entertain this suit; moreover, the circuit court observed that, because of its border location, it is familiar with and regularly applies the law of the State of Ohio to cases over which it presides. Finally, the Plaintiffs suggest that the prospective jurors in West Virginia have an interest in determining this case because they are individuals who live in the shadow of the subject power plant, and similar power plants; regularly experience the air pollution referenced in the case; and likely work at or know someone who works at one of the defendants' power facilities. Accordingly, the Plaintiffs contend that the circuit court properly found West Virginia to be the appropriate forum when weighing the private and public interest factors.

As with the private interests analysis, we conclude that the consideration of this State's public interest also weighs in favor of retention of the Plaintiffs' claims in West Virginia. We agree with the circuit court that it is in the best position to determine the weight of its docket and to assess whether it would be overburdened by maintenance of this suit in Mason County, West Virginia.[7] Moreover, to the extent that the corporate defendants operate coal-fired power plants both in Gallia County, Ohio, and Mason County, West Virginia, and

_____

[7]Moreover, to the extent that hearing a case of this magnitude might become too burdensome for the presiding West Virginia tribunal, referral of the matter to this State's Mass Litigation Panel would ameliorate this concern. For further discussion of the Mass Litigation Panel, see Section III.E., *infra*.

25

the coal waste generated by such power plants has adversely affected the residents of Mason County, West Virginia, these citizens have an interest in deciding the instant controversy.

Furthermore, as we recognized in the case of *State ex rel. Khoury v. Cuomo*, No. 15-0852, ___ W. Va. ___, ___ S.E.2d ___ (W. Va. Feb. __, 2016), when defendants seek the benefits of this State through licensure, a corresponding public interest in ensuring that they comply with their licensure requirements is created. By the same token, to the extent that the corporate defendants herein are incorporated under the laws of this State or regularly transact business within our borders, West Virginia's citizens have a tremendous public interest in monitoring and regulating their behavior to ensure it complies with the protections they have been afforded by this State. Finally, that a choice of law analysis might require the application of Ohio substantive law to the instant controversy is of no moment. In short, "the mere fact that the court is called upon to determine and apply foreign law does not present a legal problem of the sort which would justify the dismissal of a case otherwise properly before the court." *Hoffman v. Goberman*, 420 F.2d 423, 427 (3d Cir. 1970) (footnote omitted). Therefore, we conclude that consideration of both the private interests and public interest tests of factor 6 weigh in favor of West Virginia's retention of jurisdiction over this case.

### E. Factor 7

The final statutory factor considered by the circuit court is "[w]hether not granting the stay or dismissal would result in unreasonable duplication or proliferation of litigation[.]" W. Va. Code § 56-1-1a(a)(7). In this regard, the circuit court ruled that,

> [w]ith respect to the Defendants' contention that dismissal would not result in unreasonable duplication or proliferation of litigation, the Court disagrees. As previously set forth, W. Va. Code § 56-1-1 makes clear that dismissal of the West Virginia Plaintiffs' claims is prohibited. As such, dismissal of the Ohio Plaintiffs' claims would necessarily force the filing of the same lawsuit in another forum, setting the stage for massive duplication of effort and costs for the parties and courts alike, as well as the strong possibility of inconsistent rulings and outcomes. The Court finds that this factor also preponderates in favor of retaining jurisdiction over this matter in the Plaintiffs' chosen forum.

AEP argues that the circuit court improperly based its analysis of this issue on the general venue statute, W. Va. Code § 56-1-1, rather than the *forum non conveniens* statute, W. Va. Code § 56-1-1a, which governs the resolution of this case. Thus, AEP argues, whether the West Virginia plaintiffs can maintain their suit in West Virginia is not the determinative issue; rather, the court should have considered whether West Virginia is an inconvenient forum under W. Va. Code § 56-1-1a.

The Plaintiffs respond that the circuit court correctly ruled that it cannot dismiss the West Virginia plaintiffs' claims. As such, two different proceedings would be

27

required if the circuit court granted AEP's *forum non conveniens* motion: one in West Virginia, brought by the plaintiffs who are West Virginia residents, and one in Ohio, brought by the remaining plaintiffs. These two, different proceedings would then proceed even thought they both arose from the same coal waste exposure, at the same location, and involve the same evidence and witnesses. The Plaintiffs contend that this is precisely the type of duplicative litigation that W. Va. Code § 56-1-1a seeks to prevent and that the maintenance of such a bifurcated proceeding could lead to inconsistent rulings and outcomes, as well as the assertion of numerous claims of *res judicata* and collateral estoppel in the two jurisdictions. Thus, the Plaintiffs argue that West Virginia is the more appropriate forum.

Upon consideration of the seventh factor of W. Va. Code § 56-1-1a(a), we agree with the circuit court's ultimate conclusion that dismissal of this action on *forum non conveniens* grounds would undoubtedly result in duplicative litigation in multiple jurisdictions. As noted previously, W. Va. Code § 56-1-1a(a) requires that "the plaintiff's choice of a forum is entitled to great deference," which choice is diminished only where "the plaintiff is a nonresident and the cause of action did not arise in this state." For several of the Plaintiffs in the case *sub judice*, their West Virginia residency entitles their chosen forum to substantial deference. If the Plaintiffs' case is bifurcated, and the resident Plaintiffs maintain their claims in West Virginia while the remaining, nonresident Plaintiffs are required to bring their claims in Ohio, it goes without saying that duplicative discovery will

28

be conducted and analogous legal arguments will be made, with no guarantee that the two different tribunals will reach the same, or even similar, rulings. The potential for such inconsistent decisions undercuts the very notions of justice for the parties and judicial economy for the presiding tribunals.

Moreover, to the extent that the litigation may proliferate, due to the filing of additional lawsuits alleging the same injuries resulting from exposure to coal waste, joinder of additional plaintiffs, the complexity of the legal issues, or simply the intricacies of discovery involving so many parties, West Virginia has in place a mechanism to handle cases of this nature and magnitude: the Mass Litigation Panel. Although we recognize that, generally, to constitute "mass litigation" there first must be a minimum of two or more civil actions to consider such a transfer,[8] we have recognized that, sometimes, a singular case may qualify for mass litigation treatment. In *University Commons Riverside Home Owners Association, Inc. v. University Commons Morgantown, LLC*, 230 W. Va. 589, 741 S.E.2d 613 (2013), we observed that

> our Mass Litigation Panel was created to deal with cases involving common questions of law or fact where large numbers of individuals have been potentially harmed, physically or economically. *In re Tobacco Litigation,* 218 W. Va. 301, 311, 624 S.E.2d 738, 748 [(2005)] (Starcher, J., concurring); W. Va.

---

[8]*See* W. Va. Tr. Ct. R. 26.04(a) (defining "mass litigation" as "[t]wo (2) or more civil actions pending in one or more circuit courts" that meet additional, enumerated criteria).

Tr. Ct. R. 26.04.  Therefore, because there is no mechanism in the Act to deal with this type of case, and because we do have a Mass Litigation Panel that was created to deal with cases involving common questions of law and fact, we are compelled to exercise our inherent authority pursuant to the Constitution of West Virginia and deem this matter suitable for resolution under Rule 26.  As we have explained, "'General supervisory control over all intermediate appellate, circuit, and magistrate courts resides in the Supreme Court of Appeals.  W. Va. Const., art. VIII, § 3.'  Syllabus Point 1, *Carter v. Taylor,* 180 W. Va. 570, 378 S.E.2d 291 (1989)."  Syl. Pt. 2, *Stern v. Chemtall, Inc.,* 217 W. Va. 329, 617 S.E.2d 876 (2005).

*University Commons*, 230 W. Va. at 596, 741 S.E.2d at 620.  Because we find that the instant lawsuit likewise would benefit from the Mass Litigation Panel's facilitation of the maintenance of multiple, similar claims alleging the same injuries by numerous plaintiffs, we hereby invoke our inherent authority to refer the instant matter to the Mass Litigation Panel for further proceedings.  With respect to the balancing of interests under factor 7, we find that consideration of this factor also preponderates in favor of the Plaintiffs' choice of forum in West Virginia.

In the final analysis, weighing all of the statutory factors of W. Va. Code § 56-1-1a(a) as required by both the statute, itself, and our prior holding in Syllabus point 5 of *Mylan*, 227 W. Va. 641, 713 S.E.2d 356, we are left with the firm conviction that the circuit court did not abuse its discretion in refusing AEP's motion to dismiss based upon *forum non conveniens*.  On balance, we simply cannot conclude that "'trial in the [Plaintiffs'] chosen forum [of West Virginia] would establish . . . oppressiveness and vexation to [the]

defendant[s] . . . out of proportion to [the] [Plaintiffs'] convenience.'" *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429, 127 S. Ct. 1184, 1190, 167 L. Ed. 2d 15 (2007) (quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 447-48, 114 S. Ct. 981, 985, 127 L. Ed. 2d 285 (1994)) (additional quotations and citations omitted).

## IV.

## CONCLUSION

For the foregoing reasons, the requested writ of prohibition is hereby denied.

Writ Denied.